FRANCES A. BAKER, Plaintiff, *v.* BENJAMIN M. BAKER, Respondent; JOHANNA S. WOOD, Individually, and as Administratrix, etc., and WILLIAM O. C. WOOD, Appellants; and Others, Defendants.

*Surplus moneys on foreclosure — reference — complete adjudication of claims — pendency of a prior action.*

On the payment into court of surplus moneys arising upon a mortgage foreclosure, one of the defendants in the action claimed the same as junior mortgagee, and moved for a reference to determine claims thereto; this claim and motion were resisted by certain other defendants, on the ground that there was a prior action pending, in which the right of the claimant was being contested, and in which a complete adjudication could be had. It appeared that this prior action had been commenced by the mortgagor and then owner of the mortgaged premises, since deceased, against the claimant, to have an instrument which he had executed to the claimant, in form a deed, declared to be a mortgage; that an interlocutory judgment had been entered declaring the instrument to be a mortgage, and appointing a referee to ascertain the amount due the claimant thereunder; that it was upon this mortgage that the claimant based his claim to the surplus moneys; and that after the entry of said interlocutory judgment, the plaintiff in the action in which it was rendered, died, and the action had never been revived, and had since remained in a condition in which no accounting could be had therein.

*Held,* that such prior action was not a bar to the proceeding for the distribution of surplus moneys, and that the claimant was entitled to a reference.

APPEAL by the defendants, Johanna S. Wood and William O. C. Wood, from an order of the Supreme Court, made on the 29th day of December, 1892, upon the petition and motion of the defendant,

Benjamin M. Baker, for a reference to determine claims to surplus moneys.

The action was brought to foreclose a mortgage executed by Hiram Wood, since deceased. The appellant, Johanna S. Wood, is the widow and administratrix of said Hiram Wood, and the appellant, William O. C. Wood, is one of his heirs.

*Q. Van Voorhis*, for the appellants.

*John D. Lynn*, for the respondent.

LEWIS, J. :

A judgment was obtained in the above-entitled action for the foreclosure of a mortgage and the sale of mortgaged premises. Upon the sale there arose a surplus of $4,474.31. The petitioner, Benjamin M. Baker, one of the defendants in the action, claimed the surplus money as a junior mortgagee, and petitioned the court for an order directing said surplus moneys to be paid to him. His application was opposed by the defendants, William O. C. Wood and Johanna S. Wood, on the ground that there was a prior action pending in the Supreme Court, in which action the right of the claimant to the moneys was being contested, and that a full accounting could be had and a complete adjudication made in regard to the surplus moneys in that action. It appeared upon the hearing of the motion that one Hiram Wood, deceased, was in his lifetime the owner of the mortgaged premises, and that in the year 1871 he executed and delivered to the petitioner an instrument in writing which was in form a deed, but which was in fact intended as a security for money loaned. An action was commenced in the Supreme Court by said Wood against Baker, seeking to have said deed declared a mortgage ; and an interlocutory judgment to that effect was obtained. A referee was appointed by said judgment, to take an accounting and inquire and ascertain what, if anything, was due Baker as such mortgagee. After the entry of said judgment, and on or about the 2d day of August, 1891, the plaintiff Wood, died. The action has *never* been revived, and has since remained in a condition where no accounting could be had therein ; and this is the judgment which it is claimed is a bar to this proceeding.

Where two proceedings are pending between the same parties

for the same object, the one first commenced is as a general rule a bar to the second proceeding; but we are inclined to the opinion that this proceeding is an exception to that rule. These surplus moneys have arisen out of an action for the foreclosure of a mortgage, in which Frances A. Baker was plaintiff, and the petitioner, Benjamin M. Baker, and others were defendants. The moneys have been paid into court in this action, as required by section 1633 of the Code, and they are now under the control and jurisdiction of the court in the foreclosure action, and it is fitting and proper for the court in that action to distribute the same by this proceeding, which is an incidental or interlocutory reference under section 1015 of the Code.

Upon the hearing before the referee all parties to the action or any person who had a lien on the mortgaged premises at the time of the sale, and who has filed proper notice, are entitled to notice thereof and can appear and be heard. The powers of the referee are very broad in such a proceeding. He can hear any evidence which may be offered affecting the judgment or lien upon which the claim to the surplus is founded. He can take evidence or investigate any legal or equitable question pertaining to the issue the same as could be done in an independent or original action. He is required to find facts and conclusions of law. The parties to this action are not the same as they were in the action of Wood against Baker. The action sought to be used in bar of these proceedings, as we have seen, abated by the death of the plaintiff. It has not been since revived, and from the facts appearing upon the hearing of the motion it is altogether probable that nothing will ever be done looking to its revival.

The order appealed from was properly granted, and it should be affirmed, with ten dollars costs and disbursements of the appeal.

DWIGHT, P. J., MACOMBER and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.