COBLESKILL SAVINGS AND LOAN ASSOCIATION, Appellant, v. KENNETH K. RICKARD et al., Respondents, et al., Defendant.

Third Department, January 17, 1962.

*Jacob L. Wildove* for appellant.

*Harry J. Donaghy, Jr.,* for Loren R. Chase, respondent.

*J. LeRoy Kniskern* for Ottman & Enders, Inc., respondent.

*Nathan H. Richman* for Socony Vacuum Oil Co., respondent.

*David L. Gumport* for Clifton G. Richardson and another, respondents.

REYNOLDS, J.   The facts involved are stipulated by the parties. In July of 1953 Kenneth Rickard acquired title to the property involved, and in February, 1954 he transferred title to his wife Virginia Mae Rickard.   In October, 1954, December, 1954, March, 1955 and May, 1955 respondents Ottman & Enders, Inc., State Bank of Albany, Socony Vacuum Oil Co., and Clifton G. Richardson and Clifton G. Richardson, Jr., respectively filed judgments against Kenneth Rickard, and in the case of the State Bank of Albany against Virginia Mae Rickard also.   In December, 1955 Virginia Mae Rickard conveyed the premises to herself and Kenneth Rickard.   In July of 1956 appellant filed a building and loan mortgage on the premises in the principal amount of $8,000, pursuant to which during the period from July to November, 1956 the sum of $6,088 was advanced.   In July of 1957 respondent Chase filed a mechanic's lien against the premises.   In March of 1959 Kenneth Rickard filed a petition in bankruptcy, and in May of 1959 appellant commenced its foreclosure action.   The property has not as yet been sold but the parties have requested a determination of the order of priority if the proceeds of the sale should not prove sufficient to satisfy the claims of all of the parties.

Involved is an interpretation of subdivisions (1) and (2) of section 13 of the Lien Law.   Subdivision (1) grants the mechanic's lienor priority over the prior judgment creditors unless the judgment was for material furnished, labor performed or moneys advanced for the improvement of real property.   Of

the four prior judgments filed only that of the Richardsons meets this exception. While subdivision (1) grants the mechanic's lienor priority over the prior judgment creditors, subdivision (2) grants the appellant priority over the mechanic's lienor. At the same time subdivision (2) does not afford appellant priority over the prior judgment creditors who have priority over appellant. The circular reasoning generated under these circumstances is obvious.

The court below established the order of priority as follows: (1) Richardsons, (2) State Bank of Albany, (3) Ottman & Enders, Inc., and Socony Vacuum Oil Co., (4) mechanic's lienor in amount equal to the judgments of the State Bank of Albany, Ottman & Enders, Inc., and Socony Vacuum Oil Co., (5) appellant mortgagee, and (6) mechanic's lienor for the remainder due him. There is no dispute that the Richardsons' judgment being for labor and/or material rendered enjoys the first priority. Appellant asserts, however, that the court below erred in allowing the judgment creditors a priority in the full amount of their judgments and in giving the mechanic's lienor a partial priority over its mortgage. It suggests that the judgment creditors receive priority only to the extent of the value of the unimproved land at the time when the judgment liens attached and that the claim of mechanic's lienor be subordinated to its claim. We cannot agree. It is obvious that whatever result is reached, it cannot be completely reconciled with subdivisions (1) and (2) of section 13 of the Lien Law. This is an equity proceeding and we agree with the court below that the equities here lie with the judgment creditors and the mechanic's lienor. Appellant at the time it made the loan to the Rickards knew or was deemed to have knowledge of the prior judgments filed against the Rickards. Appellant knew or should have known that these judgments would have priority over its claim in a foreclosure proceeding, and since the money advanced was for building purposes it should also have been aware of the possibility that a mechanic's lien could be filed which, though subordinate to appellant's mortgage, would have priority over the claims of the judgment creditors which in turn would have priority over appellant's mortgage. Appellant should have envisioned the instant problem and in fact could have eliminated it, and at the same time protected the mechanic's lienor, by compelling the Rickards to satisfy the prior judgments before it made the loan to them. If there is any fault in the creation of the instant situation it must lie with appellant, and therefore, it seems only equitable, as found by the court below, that the mechanic's lienor be given priority over appellant to the extent of the amount of

the three prior judgments over which he would normally have had priority.

We feel, however, that the court below should not have placed the claims of the three prior judgment creditors, other than the Richardsons', ahead of the claim of the mechanic's lienor. Once it is decided that the mechanic's lienor comes before the mortgagee, subdivision (1) of section 13 of the Lien Law clearly places the mechanic's lien ahead of these judgments. We see no equitable or legal reason to disturb the order of priority set forth in the statute. Therefore, we establish the order of priority to be as follows:

(1) Clifton G. Richardson and Clifton G. Richardson, Jr., $800, with interest from February 1, 1955.

(2) Loren R. Chase, $944.80, with interest from December 1, 1954 plus $232.77, with interest from October 4, 1954, plus $653.30, with interest from March 1, 1955.

(3) State Bank of Albany, $944.80, with interest from December 1, 1954.

(4) Ottman & Enders, Inc., $232.77, with interest from October 4, 1954, and Socony Vacuum Oil Co., $653.30, with interest from March 1, 1955.

(5) Cobleskill Savings & Loan Association for the amount determined by the judgment and sale as due it.

(6) Loren R. Chase for the remainder due on his mechanic's lien.

The order should be modified as above and as modified affirmed, without costs.

Bergan, P. J., Coon, Gibson and Taylor, JJ., concur.

Order modified, on the law and facts, in accordance with the opinion, and as so modified affirmed, without costs.