HENRY R. BETCHER, Plaintiff, *v.* NORMAN L. RADEMACHER et al., Defendants.

Supreme Court, Erie County, August 3, 1962.

*Rachlin & Rachlin* for plaintiff. *Stanley Keysa* for Norman L. Rademacher and another, defendants. *Frederick Jensen* for B. B. Kreutter and another, defendants. *Powsner, Perlmuter & Pressman* for Arden Sale, Inc., defendant. *Tillou & Johnson* for A. Fleischauer, Inc., defendant. *Cohen, Lombardo, Maisel, Blewett & Fisher* for Louis Kicak, defendant. *Frank A. Farrell* for Town Line Lumber & Supply Co., Inc., defendant. *Roll, Schuller & James* for Paul Killian, defendant. *Norman A. Stiller, Erie County Attorney,* for County of Erie, defendant. *Rachlin & Rachlin* for Duro Stone, Inc., defendant. *Anthony C. Ilardo* for Criggs & Ball, Inc., and others, defendants.

REID S. MOULE, J. This is an application to confirm the report of Herman P. Loonsk in a surplus money proceeding evolving out of the foreclosure of real property herein.

The question here is what liens are entitled to priority.

The defendants Rademacher were the owners of real property. The other defendants had liens on it. Under section 13 of the Lien Law a lien for materials furnished or labor performed in the improvement of real property has priority over a lien which is unrelated to the improvement of the property even if the latter lien was filed first. (*Corbin-Kellogg Agency* v. *Tasker,* 248 App. Div. 58 [1936]; *Cobleskill Sav. & Loan Assn.* v. *Rickard,* 15 A D 2d 286 [1962].)

The lien of Duro Stone, Inc., is a mechanic's lien for improvement to the property foreclosed and, therefore, is entitled to priority over the liens which are not related to the improvement of the property.

In order to determine the question of priority the Referee permitted judgment creditors to make proof to show that their judgments were for materials furnished or labor performed in the improvement of the property. He determined that the Kicak and Killian judgments were in that category.

The judgment creditors whose judgments were filed prior to the time that the Kicak and Killian judgments were filed, objected to his doing so. They contend that the Referee exceeded his authority in taking proof and that he could not go beyond an examination of the judgment roll.

In the case of *Matter of Lobbett* v. *Galpin* (228 App. Div. 65, 68 [4th Dept., 1930]) the court stated: "The powers of a referee in a surplus money proceeding are very broad. He can take evidence and investigate any legal or equitable question pertaining to the issue. He is required to find facts and conclusions of law. (*Baker* v. *Baker,* 70 Hun 95.) He may exercise an authority as extensive as the claims themselves, and the legal and equitable objections that may be made to their allowance. (*Kingsland* v. *Chetwood,* 39 Hun 602.)"

I feel that the powers of the Referee were broad enough to permit the taking of testimony. Further, in view of the legislative intention to give priority to liens which are related to the improvement of real property I feel it was incumbent on the Referee to hear such proof.

The surplus on hand should be used to first pay the expenses set forth by the Referee. Then, so far as money is available, the Kicak and Killian judgments, which were taken because of improvements made to the property, should be paid in the order of their entry. The mechanic's lien which was filed subsequent to their entry should be paid next and the other judgment liens should then be paid in the order of their entry. This is as the Referee has determined and his report is approved.