■ PETER A. GIAMMATTEO, Respondent, v. JOHN F. ORTGIES, Appellant.—
MEMORANDUM BY THE COURT. In an automobile negligence action to recover for personal injuries and property damage defendant appeals from that part of an order of the Supreme Court at Special Term which set aside its prior order entered upon plaintiff's default in appearing. Appellant's contentions with respect to the insufficiency of plaintiff's moving papers are correct and must be sustained. Order reversed, on the law and the facts, and in the exercise of discretion, without costs, and motion denied without prejudice, however, to an application by plaintiff to be relieved of his default pursuant to CPLR 5015 upon a proper showing of the circumstances relied upon to explain the default and the merit of his cause of action. Settle order on notice. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

■ PAULINE ROSS, Appellant, v. CONTINENTAL CASUALTY COMPANY, Respondent.— HERLIHY, J. The plaintiff appeals from an order granting summary judgment to the defendant. The complaint alleged that the defendant had issued accident insurance policies to Louis Ross and that the plaintiff was the beneficiary of both policies. It further alleged that the insured had met his death by accidental means within the terms of the policies and that the plaintiff had duly performed all the conditions necessary thereunder but that defendant had refused to make payment. The answer, after denying the material allegations of the complaint, set forth affirmative defenses that the actions had not been commenced within the time limitation under the terms of the policy and by statute. The supporting affidavit, made by an associate of the defendant's law firm, reiterated its affirmative defense based upon the Statute of Limitations and in corroboration thereof properly stated as upon his knowledge, that the action was not commenced until January 21, 1964 — decedent died November 5, 1958 — approximately five years after the death of the insured and that under the provisions of section 164 (subd. 3, par. [A], cl. [11]) of the Insurance Law, such an action shall be commenced within a three-year period and is applicable to the present policies. The attorney for the plaintiff submitted an affidavit based upon information and belief, wholly insufficient and without probative value. (See *Di Sabato* v. *Soffes,* 9 A D 2d 297, 301.) From a review of all of the papers submitted on the motion, there appears to be no real issue of fact but rather a legal bar to the maintenance of the action. Order affirmed, without costs. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.

■ In the Matter of RICHARD SANDERSPREE, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent.— AULISI, J. In this proceeding under article 78 of the CPLR, the petitioner seeks to review and annul the determination of the Commissioner of Motor Vehicles, revoking his driver's license because of his refusal to submit to a chemical blood test (Vehicle and Traffic Law, § 1194). The proceeding has been transferred to this court for disposition pursuant to CPLR 7804 (subd. [g]). The language and purpose of section 1194 is clear and unequivocal. An operator of a motor vehicle may lose his license if he drives while intoxicated and he permits a test of his blood or if he refuses to permit the test. Upon the record before us, we have no alternative but to agree with respondent. The evidence, in our opinion, is sufficient to sustain a finding (1) that the Deputy Sheriff who arrested petitioner had reasonable grounds to believe petitioner was driving while intoxicated and (2) that petitioner refused to submit to the test prescribed by statute. Determination confirmed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.