HARRY R. HARMAN, Plaintiff, *v.* FAIRVIEW ASSOCIATES et al., Defendants. (Action No. 1.)

A. FRIEDERICH & SONS COMPANY, as Trustee of Certain Assets Received for and in Connection with the Improvement of Premises Known as FAIRVIEW HEIGHTS HOUSING, Respondent, v. HARRY R. HARMAN, Appellant; UNITED STATES OF AMERICA, Respondent, et al., Defendants. (Action No. 2.)

Fourth Department, October 31, 1968.

*Levy & Levy* (*Walter J. Licata* of counsel), for appellant.

*Liebschutz, Sutton, De Leeuw, Clark & Lewis* (*Frank R. Monfredo* of counsel), for A. Friederich & Sons Company,

respondent, and Insurance Company of North America, defendant.

*John T. Curtin* (*Donald Statland* of counsel), for United States of America, respondent.

WITMER, J. This appeal presents questions as to the validity and priority of certain tax liens of the defendant United States of America (hereinafter referred to as "U. S.") and of a lien of the defendant Chapin-Owen Company, Inc. (hereinafter referred to as " Chapin ") as partial assignee of subcontractor Colorcraft of Syracuse, Inc. on an apartment construction project in Ithaca, Tompkins County, New York owned by Fairview Associates, on which A. Friederich & Sons Co. (hereinafter referred to as " Friederich ") was general contractor. The plaintiff, Harry R. Harman, supplied materials to Colorcraft on this job, and duly filed a mechanic's lien therefor in Tompkins County. The owner paid Friederich the balance due on the contract upon its completion. Friederich admits that it owes money to Colorcraft on this job, although the exact amount thereof is in dispute. The U. S. tax claims arose out of this job, being for withholding and social security taxes due from wages of employees of Colorcraft, and it filed liens therefor in Onondaga County wherein Colorcraft has its principal place of business, but not in Tompkins County where the project was constructed. Colorcraft duly filed in Tompkins County a lien for its claim against Friederich on this project, and to the extent of the amount assigned to it, Chapin succeeded to the rights of Colorcraft under said lien.

The plaintiff instituted Action No. 1 to collect his claim by foreclosure of his mechanic's lien and by enforcement against Friederich of the trust for his benefit under article 3-A of the Lien Law (see Lien Law, § 79). Friederich thereupon instituted Action No. 2 for an accounting of the trust fund in its hands from this project under article 3-A of the Lien Law, admitted having certain funds in trust from this project, joined as defendants all persons and corporations known to it to have claims, and asked the court to determine to whom payment should be made. On motion by Friederich the two actions were consolidated; and Harman cross-moved for summary judgment in the consolidated action for dismissal of the complaint with respect to the claims of all other lienors, asserting that none of the lienors, including assignee Chapin, is entitled to any of the fund ahead of him nor is entitled to share in the fund with him. From the order of the court below denying such cross motion, Harman appeals. The claims of the Indus-

trial Commissioner of the State of New York against the fund were withdrawn upon the argument of this appeal; and so we need only consider the liens of U. S. and of Chapin.

The moneys paid by the owner, Fairview Associates, to Friederich on this job constitute a trust fund for the benefit of subcontractors and suppliers (Lien Law, art. 3-A, § 70), available for payment of claims arising from work on and materials supplied to the project (Lien Law, § 71, subd. 2). The record shows that the U. S. liens arose out of this job, as did the claim of Colorcraft, part of which was assigned to Chapin. The contention of Harman that the claims of the U. S. are barred by its failure to enforce them within one year, under subdivision 2 of section 77 of the Lien Law, is without merit, for expressly excepted from such time limitation is an action by the trustee (Friederich in this case) "for final settlement of his accounts and for his discharge".

The question presented with respect to the U. S. claims, therefore, is whether its tax liens were properly filed. The validity of Federal tax liens is governed by the laws of the State wherein the liened property is situated. (U. S. Code, tit. 26, § 6321; § 6323, subds. [a] and [f]; and see *Aquilino* v. *United States*, 363 U. S. 509, 513–514; and same case, 10 N Y 2d 271, 282; *United States* v. *Mark Alpha Brickwork Co.*, 202 F. Supp. 673 and *United States* v. *Chapman*, 281 F. 2d 862.) New York law requires that Federal tax liens be filed in the office of the County Clerk in which the real property is located (Lien Law, § 240; and see *Andrello* v. *Nationwide Mut. Ins. Co.*, 29 A D 2d 489). Although subdivision 4 of section 71 of the Lien Law provides that persons having claims which the trustee is authorized to pay from trust assets are beneficiaries of the trust whether or not they have filed a notice of lien, that provision merely grants to such claimants equitable rights in the fund, if any remains, and does not aid the U. S. in an issue concerning priority of liens against the fund. (See *I. Burack, Inc.* v. *Simpson Factors*, 21 A D 2d 481, 482.)

The failure of the U. S. to file its liens in Tompkins County does not appear to have been urged in behalf of the cross movant below. Nevertheless, since the matter goes to a basic issue of the rights of the parties to the fund, the question may properly be asserted on this appeal (see *Guptill Holding Corp.* v. *State of New York*, 20 A D 2d 832; *Hasbrouck* v. *State of New York*, 28 A D 2d 1195).

It is held, therefore, that the U. S. has failed to perfect its liens against the fund, and that the plaintiff Harman has a prior

right thereto as against the claims of the U. S. Since it is not disputed that Harman's claim exceeds the amount of the fund claimed by Colorcraft against Friederich, Special Term erred in denying the cross motion of Harman for summary judgment against the United States of America, and in refusing to dismiss the complaint insofar as it asserts valid liens in favor of the United States of America.

The lien of Chapin having been duly filed in Tompkins County, and Chapin, as a partial assignee of subcontractor Colorcraft, being entitled to share in the trust fund (Lien Law, § 71, subd. 2, par. [a]), Special Term correctly denied Harman's cross motion for summary judgment of dismissal of the complaint with respect to the lien of Chapin-Owen Company, Inc.

The order appealed from, therefore, should be modified by granting the cross motion of Harman for summary judgment dismissing the complaint as against the defendant United States of America, and otherwise should be affirmed, with costs to the defendant Chapin-Owen Compay, Inc., payable as a preferred claim out of the trust fund.

BASTOW, P. J., GOLDMAN, DEL VECCHIO and MARSH, JJ., concur.

Order insofar as appealed from unanimously modified on the law in accordance with the opinion by WITMER, J., and as modified affirmed, with costs to defendant Chapin-Owen Company, Inc.