MONROE SAVINGS BANK, Plaintiff, v FIRST NATIONAL BANK OF WATERLOO, Appellant; TRI-BRO SUPPLY CO., Inc., et al., Respondents.

Fourth Department, January 9, 1976

*Bonney & Nicit (Sam C. Bonney* of counsel), for appellant.

*Sheldon G. Kall* for Tri-Bro Supply Co., Inc., respondent.

*Joseph G. Caito* for Gersh Electrical Supplies, Inc., respondent.

*Robert E. Horton* for Charles L. Camp, respondent.

CARDAMONE, J. This is an appeal from an order of the Supreme Court, Seneca County confirming the report of a referee in a surplus money proceeding following a mortgage foreclosure and sale. On appeal appellant, the First National Bank of Waterloo (Bank), contends that the confirmation order incorrectly granted priority to five mechanics' liens filed after the Bank's second mortgage and further erroneously granted priority to the entire amount of the lien claim by Tri-Bro Supply Company (Tri-Bro).

Early in 1971 Stark Center Corporation (Corporation) attempted to secure financing for construction of four apartment buildings on land which it owned in the Town of Waterloo, Seneca County. Commencing about July 2, 1971 the Bank advanced loans to the corporation for interim financing for said construction. These loans were evidenced by time notes and secured by the guarantees of the officers of the corporation and by an assignment of accounts receivable executed by the Corporation to the Bank. The June, 1971 security agreement did not contain a trust fund covenant. The last advance by the Bank to the Corporation was made on January 13, 1972. Eventually the Bank loan to the Corporation totaled several hundred thousand dollars.

On September 17, 1971 the Corporation and the Monroe Savings Bank entered into a building loan contract and mortgage in the amount of $448,000. The building loan contract was filed and the mortgage recorded on September 17, 1971. The mortgage contained a trust fund covenant in compliance with section 13 of the Lien Law.

Appellant Bank notified the Monroe Savings Bank that it held a security interest in any proceeds payable to the Corporation pursuant to the security agreement given by the Corporation to the appellant Bank and requested that any remittance be forwarded to appellant. Thereafter, over $200,000 of the mortgage moneys advanced to the Corporation by the Monroe Savings Bank were applied against the Corporation's indebtedness and forwarded to the Bank.

Early in 1972 the Corporation encountered financial difficulties and the first of several mechanics' liens was filed.[1] On April 1, 1972 the Corporation executed and delivered to the Bank a second mortgage on the same property as that mortgaged to the Monroe Savings Bank securing the sum of $180,000 still owed by the Corporation to the Bank. The mortgage contained a trust fund covenant in compliance with section 13 of the Lien Law.

In January, 1972 the Corporation was in default on the first mortgage held by the Monroe Savings Bank. Monroe Savings Bank foreclosed on the mortgage, the property was sold, and on November 13, 1973 a referee was appointed to hear and report in a surplus money proceeding. The referee found that since no advance had been made by the Bank after its mortgage was recorded, the Bank was not entitled to a priority over the five mechanics' liens filed subsequent to the recording of the mortgage. The referee further found that the appliances provided by Tri-Bro did in fact constitute "material for the improvement of real property" as defined in the Lien Law and therefore Tri-Bro was entitled to priority over the Bank's mortgage. By order entered January 2, 1975 the Supreme Court confirmed the referee's report in its entirety.

Appellant Bank appeals from the order confirming the referee's report insofar as it granted priority to the mechanics' liens filed after recording of the Bank's mortgage and allowed the full claim of Tri-Bro for materials which appellant contends are not lienable. Respondent's Tri-Bro's motion to dismiss the appeal insofar as it deals with the lienability of the appliances because the Bank made no mention of the issue in its papers opposing confirmation of the referee's report was denied with leave to renew upon argument of this appeal.

The main question presented on appeal is whether the

---

1. Of the 12 mechanics' liens ultimately filed, 7 liens, including one by Tri-Bro, were filed prior to the Bank's mortgage and five filed thereafter.

Bank, which is in technical compliance with section 13 of the Lien Law, should be granted a priority over subsequently filed mechanics' liens when the mortgage secured only antecedent debt. Section 13 of the Lien Law provides in part:

"(2) When a building loan mortgage is delivered and recorded a lien shall have priority over advances made on the building loan mortgage after the filing of the notice of lien; but such building loan mortgage, whenever recorded, to the extent of advances made before the filing of such notice of lien, shall have priority over the lien, provided it or the building loan contract contains the covenant required by subdivision three hereof, and provided the building loan contract is filed as required by section twenty-two of this chapter. Every mortgage recorded subsequent to the commencement of the improvement and before the expiration of four months after the completion thereof shall, to the extent of advances made before the filing of a notice of lien, have priority over liens thereafter filed if it contains the covenant required by subdivision three hereof.

"(3) Every such building loan mortgage and every mortgage recorded subsequent to the commencement of the improvement and before the expiration of four months after the completion of the improvement shall contain a covenant by the mortgagor that he will receive the advances secured thereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of improvement, and that he will apply the same first to the payment of the cost of improvement before using any part of the total of the same for any other purpose".

The second mortgage was recorded subsequent to the commencement of the improvements of the mortgaged property, before the expiration of four months after the completion of the improvements, and contained the covenant required by subdivision (3) of section 13 of the Lien Law, and therefore technically complied with subdivision (2) of section 13 of the Lien Law.

The second mortgage was made and recorded following the final advancement of funds by the Bank. However, the subdivision (3) trust covenant is without effect in this case since the Corporation could not agree to receive as a trust fund money that was previously advanced to it and which was spent long before the execution of the mortgage which included the trust fund covenant. The mere fact that the mortgage contains the

required trust fund covenant should not afford the Bank a priority over subsequently filed mechanics' liens when in fact no trust fund was created (see *Seaboard Sur. Co. v Massachusetts Bonding & Ins. Co.,* 17 AD2d 795; *Clio Realty Corp. v Heflam Bldg. Corp.,* 227 App Div 439). The transformation of the June, 1971 security agreement into the April, 1972 mortgage without adding to or creating an actual trust *res* should not afford the Bank a priority over subsequently filed mechanics' liens. Since the 1972 mortgage created a lien unrelated to the improvement of the property, it should not have priority over a valid mechanics' lien *(Betcher v Rademacher,* 35 Misc 2d 693).

The Legislature contemplated the creation of a trust fund by a contemporaneous exchange of consideration or a series of subsequent advances, not simply a verbal recital of the creation of such fund in a mortgage securing a pre-existing debt. Such a reading of the legislative intent is apparent from the language in subdivision (3) of section 13 of the Lien Law which provides that the mortgagor "will receive the advances secured thereby and will hold the right to receive such advances". Subdivision (2) thereof, in granting a priority for the building loan mortgage, implicitly requires that advances be made contemporaneously with or subsequent to the mortgage (Lien Law, § 2; Jensen, Mechanics' Liens, ch V, p 70 *et seq.).* The Bank could have obtained a priority over the mechanics' liens had it entered into a mortgage agreement containing a trust fund covenant prior to or contemporaneous with the advancement of funds to Stark. The Bank did not do this and, accordingly, unfortunate as it may seem for its position, lost the protection which it might otherwise have had (see *Ausable Chasm ·Co. v·Hotel Ausable Chasm & County Club,* 263 App Div 486, 487).

Turning to the question of whether that part of the appeal which deals with the lienability of those appliances supplied by Tri-Bro should be dismissed, since the Bank made no mention of this issue in its papers opposing confirmation of the referee's report, we believe that the question of lienability of the household appliances presents that kind of basic issue of the rights of the parties to the fund which may properly be asserted on this appeal even though appellant did not raise the issue before Special Term *(Harman v Fairview Assoc.,* 30 AD2d 492, 494). Appellant challenges the priority of Tri-Bro's lien filed on March 31, 1972 insofar as it represents the value

of the ranges, dishwashers, refrigerators, air conditioners, clothes washers and dryers delivered to and/or installed in the apartment complex. Courts are required to give the mechanics' lien statute a liberal construction in order to effectuate the beneficial interests and purposes thereof (Lien Law, § 23). Despite the fact that the appliances could all be removed with little or no damage to the realty, the items were nevertheless intended to be permanent by the owner and, therefore, qualify as improvements within the meaning of Lien Law (§ 2, subd 4) and thus are lienable (Lien Law, § 3; *Wahle-Phillips Co. v Fitzgerald*, 225 NY 137; *Scriven v Maple Knoll Apts.*, 46 AD2d 210).

The order should be affirmed.

MARSH, P. J., MOULE, SIMONS and WITMER, JJ., concur.

Order unanimously affirmed, with costs.