■ MILAN L. HABINC, Appellant, v RONALD F. McTAGGART, Respondent, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered March 1, 1976 in Otsego County, which granted a motion to dismiss the first cause of action in the plaintiff's complaint seeking to foreclose a mechanic's lien and vacated the lien. Plaintiff's verified complaint, dated November 19, 1975, seeks to recover for work performed and materials furnished pursuant to an agreement with the defendants McTaggarts. The complaint alleges that between September 16, 1974 and December 17, 1974 plaintiff performed the services and furnished the material required by the agreement. A notice of lien, verified March 31, 1975, was filed against the McTaggarts' property in the Otsego County Clerk's office on April 2, 1975. The notice of lien gave December 17, 1974 as the date when the last items of work were performed and the last items of material were delivered to the job site. By verified answer, dated December 8, 1975, defendant Ronald McTaggart denies the allegations of the second cause of action which seeks recovery for labor and materials furnished at an agreed sum and, further, denies the allegations of the third cause of action which seeks recovery upon *quantum meruit.* This answer also sets forth a counterclaim based upon improper performance by plaintiff resulting in a diminution in value of defendants' property. By notice of motion with a supporting affidavit, both dated December 9, 1975, defendant Ronald Mc-Taggart moved to dismiss plaintiff's first cause of action seeking foreclosure of the lien and to vacate the filed lien on the ground that the subject lien was not timely filed as required by section 10 of the Lien Law since the last work performed and the last materials delivered occurred on October 23, 1974, more than four months prior to the filing date of April 2, 1975.[1] Defendant Ronald McTaggart, in addition to alleging that the filing of the lien was untimely, attached to his affidavit an itemized statement from plaintiff of labor, materials and extras the total amount of which was identical to the amount set forth in the notice of lien. The attached statement was dated November 1, 1974, the date defendant alleges the last work was performed and materials delivered. Plaintiff, by attorney's affidavit, since he was suffering from a cerebral spasm, denied the November 1, 1974 statement was a bill, but, rather, was prepared to show the amount of extras. The actual billings were dated March 26, 1975, April 1, 1975, May 1, 1975, June 1, 1975, July 1, 1975 and August 23, 1975. Thus, the issue raised for resolution is whether Special Term erred in dismissing the first cause of action of the complaint on the ground that plaintiff's lien was not timely filed pursuant to section 10 of the Lien Law.[2] While denominated a motion to dismiss, Special Term correctly perceived that the relief sought required the testing of the validity of the lien, a question dehors the mere sufficiency of the complaint, and received proof by affidavit as authorized by CPLR

---

1. Defendant Marion McTaggart answered the verified complaint but did not join in the motion to dismiss the first cause of action. Defendant Central National Bank of Canajoharie mortgagee, answered and by an affirmative defense prayed that the court determine the priority of liens. It, too, did not join in the motion to dismiss the first cause of action.

2. The express authority to vacate an untimely filed lien appears in subdivision (6) of section 19 of the Lien Law.

3211 (subd [c]). Having correctly determined that defendant Ronald McTaggart's motion was for partial summary judgment, Special Term then erred in concluding that the itemized statement attached to defendant's affidavit, since it totaled all labor, materials and extras in the exact amount set forth in the lien, was a final bill for such items and constituted irrefutable evidence that all work was completed prior to November 1, 1974. Since that date is more than four months before the April 2, 1975 date of the lien filing, Special Term reasoned that the lien had to be vacated. Special Term gave little if any weight to the allegations of the verified complaint, which is the equivalent of an affidavit (CPLR 105, subd [s]), wherein plaintiff alleges that the labor and services were performed and materials delivered "between on or about the 16th day of September, 1974 and the 17th day of December, 1974", and that the notice of lien was filed within four months of the latter date. Further, the verified notice of lien states December 17, 1974 as the date when the last items of labor were performed and materials were delivered. Next, while an attorney's affidavit based upon information and belief ordinarily has no probative value and will not defeat a motion for summary judgment *(Ross v Continental Cas. Co.,* 25 AD2d 702), it has been held that where, as here, a party is paralyzed, cannot write, and there is evidence that the ill party communicated with his attorney, the attorney's affidavit may serve an evidentiary purpose *(Society of N. Y. Hosp. v Tyszkiewicz,* 74 Misc 2d 178, 179). Herein, the attorney's affidavit alleges the itemized statement of November 1, 1974, relied upon so heavily by Special Term, was not a final bill, but was a document prepared by plaintiff during the performance of the job and was only intended to be informational. From all of the above, it seems clear that a question of fact exists as to when the last labor was performed and the final materials delivered. We cannot accept, as a matter of law, that the November 1, 1974 statement, because of the similarity between the sum set forth therein and the amount in the notice of lien, establishes beyond challenge that the work and materials were all performed and delivered more than four months prior to the April 2, 1975 filing date. Summary judgment should be withheld when there is any doubt as to the existence of triable issues of fact *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). Order reversed, on the law, without costs, and mechanic's lien reinstated. Greenblott, J. P., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.