■ TIFTON RUG MILLS, INC., Doing Business as PORTER CARPET MILLS, Respondent, v S. S. GAVENDER CO., INC., et al., Appellants.—Order unanimously reversed, with costs, and motion denied. Memorandum: Plaintiff moves for summary judgment, alleging that it sold and delivered carpeting to defendant S. S. Gavender Co., Inc., for installation in the office of New York Telephone Company. It also asserts a cause of action to recover trust proceeds under article 3-A of the Lien Law. The moving papers and the responding affidavits are executed by attorneys without personal knowledge of the facts and we, therefore, decide the motion solely on the basis of the documentary evidence before Special Term. It appears from the documents, specifically plaintiff's invoice, that the carpeting was ordered by defendant Gavender but sold to the third-party defendant, Nemmer Furniture Corporation. That evidence is sufficient to raise a question of fact on Gavender's claim that it was acting as a disclosed principal in the transaction. It also appears that New York Telephone Company paid defendant Tile and Carpet Town, Inc., for the carpeting. Therefore, the proceeds of that payment would not be trust assets under article 3-A of the Lien Law if Nemmer was the purchaser because plaintiff would not then be a qualifying materialman who had supplied an owner, contractor or subcontractor (see Lien Law, § 2, subd 12; *A & J Buyers v Johnson, Drake & Piper,* 25 NY2d 265). If the proof establishes that Tile and Carpet Town, Inc., was the purchaser of the carpeting, then we see no reason why the carpeting may not be an improve-

ment of real property within the meaning of section 70 of the Lien Law and the proceeds subject of a lien (cf. *Monroe Sav. Bank v First Nat. Bank of Waterloo,* 50 AD2d 314). But there remains a question of fact as to the purchaser which prevents summary judgment in both causes of action. (Appeal from order of Onondaga Supreme Court—summary judgment.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.