■ DURA-BILT CORPORATION, Respondent, v JOSEPH POLIMENI, JR., et al., Appellants. — Appeal (1) from an order of the Supreme Court at Special Term (Quinn, J.), entered May 1, 1981 in Schenectady County, which, *inter alia,* granted plaintiff judgment on the second cause of action in the complaint and determined that plaintiff had acquired a valid and subsisting mechanics' lien, and (2) from the judgments entered thereon. In this action to foreclose a mechanics' lien, defendants' motion to dismiss the complaint on the ground that certain of the materials sold and delivered to them by plaintiff, a building contractor engaged primarily in home improvements, were not of such a character as to give rise to a lien, was denied and summary judgment on its second cause of action was awarded to plaintiff. The doors, paneling and kitchen sink are permanent improvements to defendants' home, as is the carpeting (see *Tifton Rug Mills v Gavender Co.,* 77 AD2d 791). Since these items were intended to be permanent to the owner, they qualify as improvements under the Lien Law (see *Monroe Sav. Bank v First Nat. of Waterloo,* 50 AD2d 314). The lights and mirrors are not lienable property for they are easily removed and not intended to be fixtures. The vanity and stoves are only lienable property if they are of the type which is permanently affixed in the house, a fact not appearing on this record. Property which is clearly not lienable should be deleted from the lien and the amount of the lien should be reduced accordingly. As for defendants' claim that Special Term should have discharged the lien because it was untimely filed under section 10 of the Lien Law, we note that there is a dispute concerning the final date the items at issue were delivered. Given this disagreement, Special Term properly denied defendants' motion to summarily discharge the lien (see *Habinc v McTaggert,* 54 AD2d 799). However, by the same reasoning, summary judgment establishing the existence of a valid and subsisting lien was inappropriate. Defendants also ask to have the underlying contracts between the parties declared unenforceable because they are rife with violations of the Consumer Credit Protection Act (US Code, tit 15, § 1601 *et seq.*) and the New York Retail Instalment Sales Act (Personal Property Law, § 401 *et seq.*). Nothing in either statute provides that a noncomplying contract is void or unenforceable. Instead, subdivision 2 of section 414 of the Personal Property Law affords defendants, who have not yet interposed an answer, the right to be relieved of the finance charges; and the Federal statute, if violated, could expose plaintiff to liability in an amount equal to twice the finance charge imposed (US Code, tit 15, § 1640, subd [a]; *Public Loan Co. v Hyde,* 47 NY2d 182). Consequently, if defendants can prove their assertion that here the purchase price of the items subject to the first cause of action actually included interest and a finance charge, they may be entitled to have the amount of their liability reduced. As defendants offered no proof in opposition thereto, summary judgment in favor of plaintiff on the second cause of action, which involved the sale of a davenport, was appropriate. Order and judgments, insofar as they relate to plaintiff's first cause of action, reversed, on the law, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith; order and judgments, insofar as they relate to plaintiff's second cause of action,

affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.