■ JAMES O'CONNOR et al., Respondents, v SUSAN O'GRADY et al., Defendants, and ROBERT ANDERSON et al., Appellants.— In an action to recover damages for personal injuries, etc., the defendants Robert Anderson, Shirley Anderson and Dean Anderson appeal from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated November 10, 1987, as denied so much of their motion which was for summary judgment dismissing the amended complaint insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and so much of the motion which was for summary judgment dismissing the amended complaint insofar as it is asserted against the appellants is granted.

The plaintiff James O'Connor, a Suffolk County police officer, was injured on March 25, 1983, when he attempted to apprehend Dennis O'Grady, an unlicensed minor, who was operating an unregistered and uninsured dirt bike on a public road. The dirt bike had been purchased by the defendants Robert Anderson and Shirley Anderson for their son Dean, also a minor and a named defendant in this action. The plaintiffs' amended complaint alleges a cause of action sounding in "negligent entrustment", i.e., the defendants were negligent in entrusting the dirt bike, a dangerous instrument, to Dennis O'Grady whom they knew to be an incompetent and inexperienced operator of motorcycles. Following the conduct of the examinations before trial of the parties, the appellants moved, *inter alia,* for summary judgment on the ground that their lack of consent to Dennis O'Grady's use of the dirt bike precluded a finding of liability as to them. The Supreme Court denied summary judgment to the appellants and this appeal ensued.

We reverse and dismiss the plaintiffs' complaint as against the appellants. The Court of Appeals has recently held that as a matter of public policy police officers injured in the line of duty may not recover for the injuries sustained as a result of the negligence which created the need for the special services for which they are trained *(Santangelo v State of New York,*

71 NY2d 393, 397-398, *affg* 127 AD2d 647; *see, Dawes v Ballard,* 133 AD2d 662, 664). Here, the apprehension of an unlicensed minor who posed a substantial hazard to himself as well as to other highway users is a function particularly within the scope of the duties for which the plaintiff James O'Connor was trained and compensated. Thus, the plaintiffs are barred from recovery. In reaching our determination, we are mindful that it is based upon a new theory not presented before the Supreme Court upon the motion for summary judgment. However, in furtherance of judicial economy and the expeditious resolution of the parties' dispute and since the matter involves an issue which is fundamental to recovery, this court may properly consider the issue for the first time on appeal *(see, Harman v Fairview Assocs.,* 30 AD2d 492, 494; *Hasbrouck v State of New York,* 28 AD2d 1195, 1196). Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.