OPINION OF THE COURT
John Copertino, J.
This is a case involving a Suffolk County police officer who *402 was injured in the line of duty. Defendant Schwicke moves for a reargument of this court’s decision dated December 16, 1988 wherein his motion to dismiss pursuant to CPLR 3211 (a) (5) had been denied. Schwicke now seeks summary judgment pursuant to CPLR 3212 based on a recently decided case claimed to be dispositive of plaintiffs’ claim against him. Defendant Fischo Entertainment cross-moves for summary judgment as well based on this same authority.
Plaintiff O’Sullivan claims he was injured while responding to a fight at Fischo Entertainment’s bar, Manhattan’s. Defendant Schwicke was a participant in the fight which O’Sullivan was attempting to break up. O’Sullivan alleges that his injury occurred when Schwicke’s arm struck him in the chest, causing him to lose his balance. This resulted in injuries to his knee.
Plaintiffs argue that reargument should not be granted, as defendants could have raised the issue addressed here initially —that is, whether police officers are barred from recovery when injured in the performance of their duties. However, the motion for reargument is granted. It was made timely and seeks to introduce either an overlooked or new question of law (Fosdick v Town of Hempstead, 126 NY 651).
Upon reargument the court’s attention has been directed to O’Connor v O’Grady (143 AD2d 738), where a police officer was denied a right of recovery against the individual who inflicted his injuries. The O’Connor decision was an expansion of the "fireman’s rule,” which denied recovery to firefighters who were injured in the performance of their duties. O’Connor was also an extension of Santangelo v State of New York (71 NY2d 393), in which police officers were denied the right to sue the State for injuries they had received while on duty. The rationale for those holdings was an express assumption of risk by police officers. In addition, the court expressed a public policy consideration: police receive special training to confront hazards, are compensated for their services by the public who employs them, and thus cannot be heard to complain when they are injured confronting the very dangers that create a need for their services.
In response to this motion plaintiffs point to recent legislative action. On July 12, 1989, the New York Legislature approved and put into effect "[a]n act to amend the general municipal law, in relation to granting certain police officers or their representatives a cause of action for injury or death” (L *403 1989, eh 346, General Municipal Law § 205-e). The statute is remedial in nature, and there are cases where a remedial statute may be given retroactive effect (Kugel v Telsey, 250 App Div 638). However, this statute supplies a remedy where there previously was none, inasmuch as it now affords police officers a right to sue for their injuries. This statute applies prospectively only, since a retroactive effect cannot be given where "a new right is established even though it be remedial” (McKinney’s Cons Laws of NY, Book 1, Statutes § 54 [a]; Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443).
In addition to those laws which are wholly remedial in nature, a statute might be given retroactive effect when legislative intent to do so is apparent. Here, neither the language of the statute nor the legislative memoranda describing its purpose express such intent. Section 2 of the statute expressly declares that it, "shall take effect immediately.” These terms traditionally have been interpreted by the courts to mean that a retroactive operation or effect has not been directed by the Legislature (Murphy v Board of Educ., 104 AD2d 796).
Because this statute must be given prospective application, it is not available to plaintiff O’Sullivan since his claim accrued prior to enactment. Therefore, the law as it existed at the time of his injury must be used to resolve this dispute. On the basis of the Santangelo and O’Connor decisions (supra), plaintiff James O’Sullivan’s claim against Schwicke must fail and summary judgment must be granted. His response to the fight in which he allegedly was injured by Schwicke precludes his recovery since, "police officers * * * may not recover for the injuries sustained as a result of the negligence which created the need for the special services in which they are trained” (O’Connor v O’Grady, 143 AD2d 738, supra).
Defendant Fischo Entertainment also requests summary judgment based on the O’Connor and Santangelo holdings (supra). Fischo claims these cases are dispositive of plaintiff O’Sullivan’s claim against it even though the claim against it is grounded on the Dram Shop Act (General Obligations Law § 11-101). Prior to Santangelo, police officers could bring suit and recover under this statute (see, Allan v Keystone Nineties, 74 AD2d 992). However, in light of Santangelo and O’Connor, "[t]here is no reason to distinguish between causes of action created by statute and those founded upon common-law negligence when applying the policy considerations outlined in *404 * * * Santangelo” (Campbell v Lorenzo’s Pizza Parlor, 143 Misc 2d 1022, 1025). Thus, summary judgment must be granted for Fischo Entertainment.
Finally, the claim asserted by Mrs. O’Sullivan is merely derivative in nature and therefore must fall (see, Maddox v City of New York, 108 AD2d 42).