■ In the Matter of MAYRICH CONSTRUCTION COMPANY, Appellant, v OLIVER LLC, Respondent. [934 NYS2d 404]—

The two mortgages that are the subject of this proceeding were obtained for the purpose of acquiring property and air rights, respectively. Neither contains an express promise by respondent to improve property. Accordingly, no funds were received by respondent "under or in connection with a contract for an improvement of real property," as required by Lien Law § 70 (1), and petitioner has not established that the trust provisions of Lien Law article 3-A are applicable.

We reject petitioner's argument that the loan proceeds were received "in connection with a contract for an improvement of real property" because the property and air rights were acquired

to facilitate the development of the overall project. Although article 3-A is a remedial statute and is to be liberally construed to carry out its purpose, the courts are not authorized to enlarge that clearly defined purpose (*see Tri-City Elec. Co. v People*, 96 AD2d 146, 149 [1983], *affd* 63 NY2d 969 [1984]). Lien Law article 3-A was enacted " 'to insure that funds obtained for financing of an improvement of real property and moneys earned in the performance of a contract for either a privately owned improvement or a public improvement will in fact be used to pay the costs of that improvement' " (*Canron Corp. v City of New York*, 89 NY2d 147, 153-154 [1996], quoting 1959 Rep of NY Law Rev Commn, at 209, reprinted in 1959 NY Legis Doc No. 65 [F], at 25). To hold that funds received for the purpose of purchasing real property become part of a trust constituted for the purpose of improving property would unduly enlarge this clearly defined purpose.

While Lien Law § 70 (5) (c) provides that trust funds for which an owner is deemed to be a trustee include money received by him or her "under a mortgage recorded subsequent to the commencement of the improvement and before the expiration of four months after completion of the improvement," the mere fact that the mortgages were recorded during the statutory period does not render the loan proceeds a trust fund. Section 70 (5) (c) is subject to the requirement of section 70 (1) that trust funds be "for or in connection with an improvement of real property" (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 98; *Matter of Long v Adirondack Park Agency*, 76 NY2d 416, 420 [1990] [all parts of statute to be harmonized and given effect]).

Nor does the mere presence of the Lien Law § 13 (3) language in the mortgages transform the underlying acquisition loans into trust funds (*see Monroe Sav. Bank v First Natl. Bank of Waterloo*, 50 AD2d 314, 318 [1976], *lv denied* 39 NY2d 708 [1976]). Lien Law § 13 (2) and (3), read together, govern the priority between mechanic's liens and mortgages; they do not govern the creation of trust funds (*see A&V 425 LLC Contr. Co. v RFD 55th St. LLC*, 15 Misc 3d 196, 202-203 [Sup Ct, NY County 2007]). *Weber v Welch* (246 AD2d 782 [1998]) is not to the contrary. The funds at issue there were borrowed under a mortgage-secured improvement loan for the construction of a residential dwelling and constituted trust funds. Concur—Mazzarelli, J.P., Andrias, Friedman, Catterson and Freedman, JJ.