**Proco Enter. Inc. v Murad**

2024 NY Slip Op 33811(U)

October 23, 2024

Supreme Court, New York County

Docket Number: Index No. 654649/2022

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

-------------------------------------------------------------------------------X

PROCO ENTERPRISE INC

                Plaintiff,

          - v -

AHMED ALSAIDI MURAD,

               Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654649/2022 |
| **MOTION DATE** | 05/22/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59

were read on this motion to/for     SUMMARY JUDGMENT(AFTER JOINDER .

In this action alleging breach of contract, defendant Ahmed Alsaidi Murad ("Defendant") moves for an order pursuant to CPLR 3212 granting summary judgment on his second counterclaim to enforce a statutory trust under Article 3-A of the Lien Law.  Plaintiff Proco Enterprise Inc ("Plaintiff") opposes the motion.

Defendant entered a written home improvement contract with Plaintiff on April 14, 2022 for construction work on his single-family Bronx residence (NYSCEF Doc. No. 48, Contract). The Contract specified a total price of $396,130 for the work and included a schedule for payments due at certain project milestones.  In relevant part, the payment schedule required Defendant to make $50,000 payments in installments upon signing the Contract, after completion of the construction fence, and at intervals upon completion of 15, 20, and 40 percent of the work.

Plaintiff worked on the project until Defendant terminated the Contract on November 14, 2022 (NYSCEF Doc. No. 47, Defendant aff ¶ 11; NYSCEF Doc. No. 58, Mutawakkil EBT at 81).  The parties dispute how much of the work was completed at the time Defendant terminated

**654649/2022   PROCO ENTERPRISE INC vs. MURAD, AHMED ALSAIDI**
**Motion No.  002**

**Page 1 of 5**

1 of 5

[* 1]

the Contract and whether Defendant paid more or less than the amount due under the payment schedule at the time of termination. Defendant claims that he paid Plaintiff more than the value of the work it performed, as he paid $161,600 while Plaintiff only completed 16 to 22 percent of the work (Defendant aff ¶¶ 5, 11). Plaintiff claims that Defendant owes it an additional $100,000 under the Contract because it completed 40 percent of the work (NYSCEF Doc. No. 50, Engineer Report; NYSCEF Doc. No. 4 Complaint ¶¶ 6-9).

Plaintiff alleges that Defendant breached the Contract by failing to pay the full amount owed for the work completed as of the termination date. In his Answer, Defendant alleges that Plaintiff used the money he paid for purposes unrelated to the work on his residence and asserts counterclaims against Plaintiff seeking recovery of the money he paid under the Contract. Defendant's second counterclaim alleges that Plaintiff violated Article 3-A of the Lien Law by diverting funds from the statutory trust created by his payments to Plaintiff under the Contract.

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853). Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Article 3-A of the Lien Law "creates trust funds out of certain construction payments or funds to assure payment of subcontractors, suppliers, architects, engineers, laborers, as well as specified taxes and expenses of construction" (*Aspro Mech. Contr., Inc. v Fleet Bank, N.A.*, 1

**654649/2022 PROCO ENTERPRISE INC vs. MURAD, AHMED ALSAIDI**
**Motion No. 002**

**Page 2 of 5**

2 of 5

NY3d 324, 328 [2004] [quotation omitted]). The purpose of Article 3-A is "to insure that funds obtained for financing of an improvement of real property and moneys earned in the performance of a contract for . . . a privately owned improvement . . . will in fact be used to pay the costs of that improvement" (*Matter of Mayrich Constr. Co. v Oliver LLC*, 90 AD3d 509, 510 [1st Dept 2011]). Funds received by a contractor in connection with a contract for the improvement of real property constitute a trust, and the contractor is the trustee thereof (Lien Law § 70[1], [2]). "Lien Law article 3-A mandates that once a trust comes into existence, its funds may not be diverted for non-trust purposes" (*Matter of RLI Ins. Co., Sur. Div. v New York State Dept. of Labor*, 97 NY2d 256, 263 [2002]; *see* Lien Law § 72).

A statutory trustee under Article 3-A of the Lien Law "must maintain books and records of the trust including entries for trust assets receivable, trust accounts payable, trust funds received and trust payments made with trust assets, and make those records available for inspection by beneficiaries" (*Aspro Mech. Contr., Inc*, 1 NY3d at 329, citing Lien Law §§ 75, 76). The Lien Law sets forth the specific entries that must be maintained in the books or records for a trust with respect to trust asset receivable, accounts payable, funds received, and payments made with trust assets (Lien Law § 75[3][A]-[D]). A trustee's failure to keep these records is presumptive evidence that trust funds were diverted (Lien Law § 75[4]; Lien Law § 79-a[3]).

Here, it is undisputed that Defendant paid money to Plaintiff pursuant to a home improvement contract. The money paid under the Contract therefore constituted trust funds under the Lien Law (Lien Law § 70[1]), Plaintiff was a trustee of these funds (Lien Law § 70[2]), and Defendant was a beneficiary of the trust (*see Ippolito v TJCC Dev., LLC*, 83 AD3d 57, 68 [2d Dept 2011]). Consequently, Plaintiff had a duty not to divert the trust's funds under Lien Law § 72 and to maintain records as set forth by Lien Law § 75.

**654649/2022   PROCO ENTERPRISE INC vs. MURAD, AHMED ALSAIDI**
**Motion No.  002**

**Page 3 of 5**

3 of 5

[* 3]

Defendant argues that he is entitled to summary judgment on his counterclaim that Plaintiff diverted statutory trust funds because there is no issue of fact as to Plaintiff's failure to maintain records required by Lien Law § 75. Plaintiff argues in opposition that it presents sufficient evidence to rebut the presumption that it diverted the trust's funds. Both parties cite the affidavit of Plaintiff's principal, Dawud Mutawakkil, in which he states that he does not "maintain an official record in writing of where funds are disbursed," but that he does "maintain records that show payments made to employees, subcontractors, material and other construction items . . . exclusively for the defendant's home" (NYSCEF Doc. No. 53, Mutawakkil aff ¶ 3). Plaintiff annexes these purported records to its moving papers. These include, *inter alia*, copies of construction plans, work permits, certificates of insurance, technical reports from a concrete subcontractor, photographs of the project site, a list of workers on the project, and records of Defendant's payments under the contract (NYSCEF Doc. Nos. 55-57). Plaintiff also submits Muttawakil's deposition transcript, claiming that it shows the work it performed under the Contract (NYSCEF Doc. No. 58, Muttawakil EBT).

The record establishes that Plaintiff failed to maintain records required by Section 75 of the Lien Law. The documents submitted by Plaintiff do not contain, *inter alia*: "The name and address of each person to whom the trustee has incurred an obligation constituting a trust claim, whether or not such claim is then due, with a statement sufficient to identify the contract or transaction out of which the trust claim arises" (Lien Law § 75[3][B]) or "The name and address of each person to whom a payment for the purposes of the trust has been made . . . the date when and place where each payment was made . . . the amount paid on each of such dates . . . ." (Lien Law § 75[3][D]).

**654649/2022 PROCO ENTERPRISE INC vs. MURAD, AHMED ALSAIDI**
**Motion No. 002**

**Page 4 of 5**

[* 4]

Furthermore, Plaintiff's principal conceded on multiple occasions that he did not keep the specific types of records required by Lien Law § 75(3): his affidavit submitted in response to Defendant's discovery demands plainly stated that Plaintiff did not maintain records related to the Lien Law (NYSCEF Doc. No. 46); his affidavit in opposition to the instant motion admitted he did not maintain records as to the disbursements of funds received (Mutawakkil aff ¶ 3); and his deposition testimony stated that Plaintiff did not maintain records as to how the money paid under the Contract was spent on the project because "we do not keep records on individual projects" (Mutawakkil EBT at 32). Plaintiff is therefore presumed to have diverted the funds of the trust resulting from the payments Defendant made to it under the Contract, and the Court finds that Defendant is entitled to summary judgment as to Plaintiff's liability on his second counterclaim under Lien Law Article 3-A (*see* Lien Law § 75[4]; Lien Law § 79-a[3]).

Accordingly, it is hereby:

ORDERED that the motion for summary judgment on Defendant's second counterclaim under Article 3-A of the Lien Law with respect to liability only.

All other relief sought herein and not granted is denied.

This constitutes the Decision and Order of the Court.

| 10/23/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

654649/2022 PROCO ENTERPRISE INC vs. MURAD, AHMED ALSAIDI
Motion No. 002

Page 5 of 5

[* 5]

5 of 5