■ ROBERT RUOCCO et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [611 NYS2d 513] —Order, Supreme Court, New York County (Alfred Toker, J.), entered February 4, 1993, which denied the motion of the defendant-appellant New York City Transit Authority for summary judgment pursuant to CPLR 3212, unanimously reversed, on the law, the defendant-appellant's motion is granted and the complaint is hereby dismissed, without costs.

Injured plaintiffs Robert Ruocco and Michael Falcone are police officers. The officers allegedly sustained injuries when they slipped and fell down a flight of stairs leading into the subway station located at the corner of Essex and Delancey Streets in Manhattan. The officers were responding to a radio call that an officer was in need of assistance in the subway station. The complaint alleged that after they fell the officers saw that the stairs were wet and that there was a New York City Transit Authority employee near the bottom of the steps with a mop and a pail of water.

In the order appealed the trial court concluded that the this case came within the so called "separate and distinct" exception to the fireman's rule. This exception, as articulated in *Starkey v Trancamp Contr. Corp.* (152 AD2d 358, 361) provides that the application of the "fireman's rule" to police officers should depend on the degree of separation between the negligent act directly causing the injury and the act which occasioned the police officer's services. In *Starkey (supra),* the Court declined to apply the fireman's rule to preclude the officer's claim for personal injuries, because the injury sustained by the police officer, as a result of a defective condition at a construction site, was separate and distinct from the reason for his being at the site.

That exception, however, has since been abrogated in *Cooper v City of New York* (81 NY2d 584). In *Cooper,* a police officer was injured when the vehicle in which she was riding as a "recorder" struck another police vehicle while responding to an "officer in need of assistance emergency call". The Court of Appeals affirmed this Court's order (182 AD2d 350), which reversed the judgment entered against the City upon a jury verdict and dismissed the complaint pursuant to *Santangelo v State of New York* (71 NY2d 393). In *Santangelo,* the Court held that police officers, like firefighters, cannot recover for injuries resulting from the special risks inherent in the duties they are engaged to perform *(supra,* at 397).

The Court in *Cooper (supra,* at 590) stated that it had "never

adopted the proposed 'separate and distinct' exception" and went on to state that to do so would be inconsistent with the rationale of *Santangelo, (supra)*. The determinative factor, as set out by the Court in *Cooper* is "whether the injury sustained is related to the particular dangers which police officers are expected to assume as part of their duties" *(Cooper v City of New York, supra,* at 590). There the Court determined that there was no question that Officer Cooper's injuries were related to the particular risk she had assumed as part of her duties. It was noted that "[p]art of that risk was the possibility of injury while rushing to the scene of an emergency" *(supra,* at 590). Further, it was specifically stated that the fact that there was no connection between the negligence of the officer driving the vehicle in which Officer Cooper was riding, and the unknown incident that gave rise to the emergency call, was of no moment *(supra,* at 590).

The injured plaintiffs in this case were also responding to an emergency call of an officer in need of assistance. They were injured when attempting to descend a staircase, which they alleged was negligently left in an unsafe wet and slippery condition. Here as in *Cooper (supra),* there is no question that the plaintiffs' injuries were related to the particular risk —*i.e.,* the risk of injury while rushing to the scene of an emergency—they assumed as part of their duties. We note, however, as did the trial court, that plaintiffs alleged only a cause of action for common law negligence and that no statutory cause of action was set forth in their complaint. Concur—Sullivan, J. P., Ellerin, Ross, Asch and Tom, JJ.