■ ANGELO COTTONE, Appellant, v CITY OF NEW YORK, Respondent. [614 NYS2d 44] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Golden, J.), entered September 17, 1992, which, upon the granting of the defendant's motion to dismiss the complaint at the close of the plaintiff's case for

failure to establish a prima facie case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff, who was a police officer at the time of the accident, was injured when he tripped and fell on a defective sidewalk as he was in pursuit of a youth who had just thrown stones at and injured a young girl. At the close of the plaintiff's case, the court dismissed the complaint on the ground, *inter alia,* that the plaintiff's common-law negligence action is barred by the so-called "fireman's rule" *(see, Santangelo v City of New York,* 71 NY2d 393).

Under the circumstances, we agree with the Supreme Court that the action is barred by the fireman's rule, since the plaintiff's injuries arose out of a particular danger which police officers are expected to assume as part of their duties, notwithstanding the fact that there was no connection between the defendant's negligence and the incident which gave rise to the plaintiff's duty *(see, Cooper v City of New York,* 81 NY2d 584, 590-591; *Ruocco v New York City Tr. Auth.,* 204 AD2d 76; *Zanghi v Niagara Frontier Transp. Commn.,* 203 AD2d 960).

In light of the foregoing conclusion, we need not address the plaintiff's remaining contention. Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.