■ PHILIP J. CASTELLANO, Appellant, v CITY OF NEW YORK, Respondent. [624 NYS2d 38] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Held, J.), dated March 3, 1993, which, upon granting the defendant's motion to dismiss the complaint, dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff, a New York City firefighter, was injured while fighting a fire in Brooklyn when he fell from an unsecured ladder. He contends that climbing a ladder without another firefighter to secure it was not a risk that he assumed as part

of his duties, and thereby, his cause of action was not barred by the *Santangelo* rule *(Santangelo v State of New York*, 71 NY2d 393). We disagree.

The policy behind *Santangelo* is that the "Firemen's Rule" precludes claims by firefighters for injuries sustained in the performance of their services because "firefighters [are] trained and compensated to confront such dangers [i.e., risks of negligence-related injuries in fighting fires]" *(Cooper v City of New York,* 81 NY2d 584, 588-589, quoting *Santangelo v State of New York, supra,* at 397). Climbing a ladder is part of a firefighter's duty in combating a fire, and the negligence of a fellow firefighter in failing to properly secure the ladder for the plaintiff is not an exception to the *Santangelo* rule *(see, Cooper v City of New York, supra,* at 591).

The plaintiff's remaining contention is unpreserved for appellate review. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.