■ John Smullen et al., Respondents, v City of New York et al., Appellants, et al., Defendants. [625 NYS2d 545] —Judgment of the Supreme Court, Bronx County (Bernard Burstein, J., as to liability; Alan Saks, J., as to damages), entered July 21, 1993, which, after a bifurcated jury trial, found the City of New York 40% liable, and, pursuant to stipulation, reduced the total award from $4,590,557.66 to $2,490,557.66, unanimously reversed, without costs, on the law and the facts, to the extent herein appealed, and the complaint dismissed as to the municipal defendants.

Plaintiff John Smullen, an officer in the New York City Police Department, was on midnight traffic duty outside Yankee Stadium after a baseball game. He and his partner were responsible for accommodating the increased volume of traffic using an entrance to the Major Deegan Expressway by temporarily altering the traffic lanes on the roadway with flares. Plaintiff was injured when he was hit by a car while replacing some flares which were low. The uncontradicted testimony at trial was that there is no specific police procedure for how this task should be completed, and that an officer could even lay flares without the assistance of a partner. The trial court submitted the case to the jury on a theory of common law negligence.

This action falls squarely within the parameters of the "firefighter's rule" (Cooper v City of New York, 81 NY2d 584; Santangelo v State of New York, 71 NY2d 393; Kenavan v City of New York, 70 NY2d 558), and, therefore, nisi prius erred in not granting the motion by the municipal defendants to dismiss the complaint as against them. A municipality cannot be held liable for a line-of-duty injury sustained by a police officer while "performing a function endowed with the special risks inherent in the duties of a police officer" (Cooper v City of New York, supra, at 589). The rule applies "equally whether these hazards relate to negligence of third parties or fellow servants" (supra, at 591). In Cooper the plaintiff was injured by the allegedly negligent driving of her fellow officer while responding to an "officer in need of assistance" emergency call (see also, Murphy v City of New York, 202 AD2d 407, lv denied 83 NY2d 758). Here, the danger of being struck by a vehicle

while on such traffic duty is a known risk of the assignment *(see, Sciarrotta v Valenzuela,* 182 AD2d 443), and is a risk which is less attenuated than that presented in *Cooper.*

We are unpersuaded by plaintiff's contention that his partner failed to exercise any judgment whatsoever and that plaintiff did not assume the risk of a complete failure of his partner's backup. This argument is somewhat akin to the "separate and apart" exception to the *Santangelo* rule articulated in *Starkey v Trancamp Contr. Corp.* (152 AD2d 358, 361) and explicitly rejected in *Cooper v City of New York (supra,* at 590). In any event, the negligence of a partner is not unforeseeable in policing, and under the circumstances presented here, constituted a part of the assumed risk.

In light of the foregoing, we need not reach the merits of the defendants' remaining arguments. Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Mazzarelli, JJ.