■ RONALD GOODE et al., Appellants, v UNITED ARTISTS EASTERN THEATRE CORP., Respondent. [631 NYS2d 892] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered June 17, 1994, which dismissed the complaint. The plaintiffs' notice of appeal from an order of the same court dated April 11, 1994, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The plaintiff Ronald Goode, a Suffolk County police officer, was injured when he slipped and fell on some debris while responding to a burglar alarm on the defendant's premises on a rainy night in October 1986. A jury trial ensued in October 1990. At the close of the plaintiffs' case, the defendant moved to dismiss the complaint on the basis of the so-called firemen's rule *(see, Santangelo v State of New York,* 71 NY2d 393). The trial court granted the motion. However, on appeal, this Court reversed and granted the plaintiffs a new trial *(see, Goode v United Artists E. Theatre Corp.,* 190 AD2d 710). Thereafter, the defendant again moved for summary judgment dismissing the complaint. The defendant argued that a subsequent Court of Appeals decision *(see, Cooper v City of New York,* 81 NY2d 584) had rejected the reasoning employed by this Court on the prior appeal. The Supreme Court granted the defendant's motion, and this appeal ensued.

In our prior decision in this case, we relied upon the separate-and-distinct exception to the so-called firemen's rule, which states that the *Santangelo* case does not apply when the alleged "failure to maintain the premises in a safe condition was not related to the situation which created the need for the plaintiff's services as a police officer." However, since that decision, the Court of Appeals has, on two separate occasions, expressly rejected the separate-and-distinct exception, stating that it is inconsistent with the rationale of the *Santangelo* case *(see, Cooper v City of New York, supra; Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423).

Since the plaintiff Ronald Goode's injuries arose out of a particular danger that police officers are expected to assume as part of their duties, the plaintiffs' action is barred by the so-called firemen's rule, nothwithstanding the fact that there was no connection between the defendant's negligence and the incident that gave rise to Ronald Goode's duty to perform police functions *(see, Cooper v City of New York, supra; Zanghi v Niagara Frontier Transp. Commn., supra; Smith v County of Erie,* 210 AD2d 933; *Hoey v Kuchler,* 208 AD2d 805; *Cottone v City of New York,* 206 AD2d 345). Accordingly, the Supreme Court properly dismissed the plaintiffs' complaint. Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.