**Ralph and Sophia MARTINEZ, Plaintiffs,**

v.

**FEDERAL HOME LOAN MORTGAGE CORPORATION, Kevin J. Cooke and Caisi Management Co., Inc., Defendants.**

No. 94 Civ. 6096 (SAS).

United States District Court,
S.D. New York.

June 28, 1996.

Bartly L. Mitchell, Carro, Velez, Carro & Mitchell, L.L.P., New York City, for Plaintiffs.

Lori B. Wolmetz, Landman Corsi Ballaine & Ford P.C., New York City, for Defendant Federal Home Loan Mortgage Corporation.

Raymond M. D'Erasmo, Savona & Scully, New York City, for Defendants Kevin J. Cooke and Caisi Management Inc.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

Defendants Federal Home Loan Mortgage Corporation (hereinafter "Freddie Mac") and Kevin J. Cooke and Caisi Management Co., Inc. (collectively "Caisi") move for summary judgment pursuant to Fed.R.Civ.P. 56(c). Defendants contend that the first claim of the complaint is barred by the "firefighter's rule" and that the second claim fails because section 205–a of the General Municipal Law ("§ 205–a") does not apply to the facts of this case. For the reasons set forth below, the motion is granted with respect to the first claim, but denied with respect to the second claim.

## BACKGROUND

On December 18, 1992, defendant Freddie Mac owned and defendant Caisi managed the premises located at 1068 Ward Avenue, Bronx, New York ("the premises"). On September 2, 1992, Caisi inspected the premises to determine, in part, if there were any safety hazards or concerns, such as defective lighting or missing or broken steps. See Deposition of Edward Sweeney, Caisi's field supervisor ("Sweeney Dep."), August 29, 1995, at 15, 24. Caisi's inspection report, September 2, 1992, indicates that certain steps needed to be replaced, but does not identify those steps. See Plaintiffs' Memorandum of Law in Opposition to Defendant Federal Home Loan Mortgage Corporation's Motion for Summary Judgment ("Pls.' Mem."), Ex. D; Deposition of Vanessa Clarke, Freddie Mac's property management specialist, August 10, 1995, at 50–51. Caisi sent a copy of this report to Freddie Mac, thereby notifying Freddie Mac of the problem. See Sweeney Dep. at 50. A letter from Freddie Mac to Caisi, October 26, 1992, establishes that Freddie Mac also knew that the lobby area did not receive sufficient lighting during the day. See Pls.' Mem. ¶ 3.

On December 18, 1992, plaintiff Ralph Martinez ("plaintiff") was a firefighter with the New York City Fire Department. See Affidavit of Plaintiff Ralph Martinez ("Pl.'s Aff."), March 19, 1996, ¶ 2. Plaintiff was trained at the Fire Department Academy in basic fire fighting skills, including entering buildings without lighting and proceeding up staircases in dark conditions. See Deposition of Plaintiff Ralph Martinez ("Martinez Dep."), August 1, 1995, at 7–8, 134.

At approximately four o'clock in the afternoon on December 18, 1992, plaintiff's Ladder Company 54 responded to a fire at the premises. Id. at 18. When plaintiff arrived at the premises, he put on his equipment, which consisted of a helmet, a turnout coat, a face mask, rubber boots, an oxygen tank, a neck guard, a fire extinguisher and a six foot hook. This equipment weighed approximately 100 to 125 pounds. Id. at 23–24, 119.

Plaintiff then proceeded through the vestibule in the direction of the smoke and approached a staircase. Id. at 35–36. Some natural light came from the outside into the vestibule area, but there was no artificial lighting in the vestibule. Id. at 41, 119. Plaintiff alleges that there was a broken emergency light facing the staircase, a "box with some wires hanging out of it." Id. at 121–22. While there was smoke in the area, it was not too thick, but it was hazy. When standing at the bottom of the staircase, plaintiff was unable to see beyond the landing. Id. at 134. The steps of the staircase were "fairly visible," but "it was pretty dark in there." Id. at 41. Plaintiff's face mask limited his peripheral vision and slightly impaired his vision straight ahead. Id. at 132–133.

Plaintiff walked up the darkened staircase.[1] In accordance with his training, plaintiff guided himself up the left side of the

---

[1] Freddie Mac asserts that plaintiff "hastily ascended" the staircase. Memorandum of Law in Support of Defendant Federal Home Loan Mortgage Corporation's Motion for Summary Judgment, at 6 (emphasis added).

staircase with the help of the six foot hook, holding it in his left hand. *Id.* at 43–44, 134–135. He held the fire extinguisher in his right hand. *Id.* at 30, 48. Plaintiff does not recall seeing a handrail on the left side of the staircase, but remembers a banister or a railing on the right side. *Id.* at 43, 124.

Eventually, plaintiff reached the top of the staircase and placed his left foot on the top step. As he shifted his weight to his left foot and lifted his right foot, plaintiff slipped off the top step, lost his balance, and fell backwards down the stairs. *Id.* at 47–48; Pl.'s Aff. ¶ 8. After his fall, plaintiff looked at where he fell and observed that the step was broken, "the lip was off it, it was worn away." Martinez Dep. at 65. The photographs of the step indicate that it was in a deteriorated and defective condition. *See* Photographs of step annexed as part of Ex. A of Pls.' Mem. As a result of his fall, plaintiff sustained a knee injury that required two surgeries. Thereafter, plaintiff retired from the Fire Department. *Id.* ¶ 13.

On November 13, 1995, Martinez and his wife Sophia filed a second amended complaint against Freddie Mac and Caisi. The first claim asserts that defendants were negligent in failing to properly maintain their premises. Plaintiff alleges that his fall and subsequent injury were caused, in part, by inadequate lighting in the vestibule and stair area, and by the defective condition of the steps.

The second claim is based on General Municipal Law § 205–a, which permits firefighters injured in the line of duty to sue property owners whose violations of local, state, or federal laws result in a failure to maintain the premises in a safe condition for firefighters. N.Y.Gen.Mun.Law § 205–a (McKinney 1986 & Supp.1996). Plaintiff alleges that his injuries were caused by defendants' violation of: Multiple Dwelling Law of the State of New York (hereinafter "MDL") §§ 37 ("Artificial hall lighting"), 52 ("Stairs"), and 78 ("Repairs"); Administrative Code of the City of New York (hereinafter "Administrative Code") §§ 27–2005 ("Duties of owner"), 27–2038 (Electric lighting in public parts of dwelling), and 27–2039 (Lighting to be provided at night); Official Compilation of Codes, Rules and Regulations of the State of New York (hereinafter "NYCRR") tit. 10, §§ 21.19(e) ("Lighting for public halls and stairways"), and 21.21(e) ("Safety").

The third claim alleges that by virtue of her husband's accident and injury, Sophia Martinez was deprived of spousal services, society and consortium. Plaintiffs claim $2,000,000.00 in damages on the first two claims and $500,000.00 on the third.

On January 22, 1996, defendants moved for summary judgment on the first claim, contending that because plaintiff sustained his injury in the performance of his duties as a firefighter, his common law negligence claim is barred by the "firefighter's rule." Defendants also moved for summary judgment on the second claim on the ground that § 205–a does not apply to the facts of this case. First, citing *St. Jacques v. City of New York*, 215 A.D.2d 75, 633 N.Y.S.2d 97 (1st Dep't 1995), *aff'd on other grounds*, 88 N.Y.2d 920, 646 N.Y.S.2d 787, 669 N.E.2d 1109 defendants argue that because falling on a staircase is a risk inherent in firefighting, plaintiff's injury resulted from the performance of his duty, not from any negligence on the part of defendants in violating any statutes. Relying on *Kenavan v. City of New York*, 70 N.Y.2d 558, 523 N.Y.S.2d 60, 517 N.E.2d 872 (1987), defendants contend that § 205–a protects firefighters only when the premises harbor hazards additional to those normally faced by firefighters. Second, defendants urge that the statutory violations cited by plaintiff do not give rise to a claim under § 205–a because they: 1) relate only to general maintenance of property and do not impose any greater duty upon a property owner than imposed by common law, and 2) are in no way connected to fire safety or prevention. *See generally Mullen v. Zoebe, Inc.*, 86 N.Y.2d 135, 630 N.Y.S.2d 269, 654 N.E.2d 90 (1995).

## DISCUSSION

### I. Legal Standard for Summary Judgment

A court may grant summary judgment only if it determines that there is no genuine issue of material fact in dispute, and that the moving party is entitled to a judgment as a

matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The party seeking summary judgment has the burden of showing the absence of a dispute on a material issue of fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The non-moving party must present affirmative factual evidence that if believed by the trier of fact would support a verdict in the non-movant's favor. *See Dressler v. MV Sandpiper*, 331 F.2d 130, 133 (2d Cir.1964). The non-movant may not rely solely on unsupported denials or allegations. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). However, a court must resolve all factual ambiguities and make all factual inferences in favor of the non-moving party. *See Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14. Finally, summary judgment is improper if "as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party." *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir.1994).

## II. Common Law Negligence and the "Firefighter's Rule"

### A. General

■ The "firefighter's rule," a common law rule long accepted in New York, bars firefighters injured *in the line of duty* from suing property owners whose negligence occasioned their injury. The rationale behind the rule is rooted in the notion that "firefighters, trained and compensated to confront [the dangers of firefighting and concomitant negligence], must be precluded from recovering damages for the very situations that create a need for their services." *Santangelo v. N.Y. State*, 71 N.Y.2d 393, 396, 526 N.Y.S.2d 812, 521 N.E.2d 770 (1988). The bar of the "firefighter's rule" operates only *"where the performance of the police officer's or firefighter's duties ... increased the risk of the injury happening and did not merely furnish the occasion for the injury."* *Zanghi v. Niagara Frontier Transp. Comm'n*, 85 N.Y.2d 423, 439, 626 N.Y.S.2d 23, 649 N.E.2d 1167 (1995) (emphasis in the original). A firefighter may not recover for his injuries if "some act taken in furtherance of a specific ... firefighting function exposed the officer to a heightened risk of sustaining the particular injury." *Id.*

For example, a firefighter injured by the collapse of a burning building has no common law negligence claim against its owner and the contractor because the weakening and the collapse of a burning structure are particular risks which firefighters assume as part of their profession. *See Raquet v. Braun*, 85 N.Y.2d 423, 626 N.Y.S.2d 23, 649 N.E.2d 1167 (1995). Likewise, police officers, who were held to be subject to the "firefighter's rule" in *Santangelo*, will ordinarily have no negligence claim if they are injured while rushing to the aid of a colleague, attempting to subdue an escaped mental patient, trying to reach a picketer, or carrying a person on a hospital gurney to an ambulance. *See Madonna v. American Airlines, Inc.*, 82 F.3d 59 (2d Cir.1996); *Zanghi*, 85 N.Y.2d at 440, 626 N.Y.S.2d 23, 649 N.E.2d 1167; *Cooper v. City of New York*, 81 N.Y.2d 584, 601 N.Y.S.2d 432, 619 N.E.2d 369 (1993).

### B. "Firefighter's rule" as applied to the facts of this case.

■ Plaintiff was concededly injured in the performance of his firefighting duties. Presumably, he ascended the staircase for the purpose of finding the source of the fire. Plaintiff was wearing protective gear weighing approximately 100 to 125 pounds. His vision was limited by the smoky condition of the premises and by his face mask. Plaintiff was trained to proceed in darkened conditions, and, in accordance with his training, ascended the staircase by feeling his way up with the six foot hook, without holding the banister.

These factors significantly increased plaintiff's risk of injury. For instance, there was an increased likelihood that plaintiff would not notice the defect in the staircase, that the defective step would crumble under the weight of plaintiff's equipment, or that he would not be able to break his fall by holding on to the banister. Plaintiff was specifically

trained to function in these circumstances and, as a firefighter, was compensated to confront them.

### C. Conclusion

Plaintiff's training and the circumstances of his accident place him squarely in the category of individuals whose claims are barred by the "firefighter's rule." Even accepting plaintiff's assertion that he "walked" rather than "hastened" up the staircase, that there was inadequate lighting in the vestibule area and that the step was in a deteriorated condition, there can be no dispute that plaintiff's fall was precipitated by the performance of plaintiff's firefighting duties. There is no genuine issue of material fact for the jury to consider on this claim. Defendants' motion for summary judgment on the common law negligence claim is therefore granted.

### III. General Municipal Law § 205–a

#### A. Background

The "firefighter's rule" precludes firefighters from being compensated for injuries sustained in the line of duty, where those injuries result from the property owner's negligence. To ameliorate this harsh result, the legislature enacted § 205–a to create a cause of action for firefighters where none had existed at common law. *See Zanghi*, 85 N.Y.2d at 441, 626 N.Y.S.2d 23, 649 N.E.2d 1167.

Section 205–a permits firefighters injured in the line of duty to recover compensation from "any person ... [who fails] to comply with the requirements of any of the statutes, ordinances, rules, orders, and requirements of the federal, state, county ... town or city governments," when such person's "neglect, omission, willful or culpable

negligence" causes the firefighter's injury. N.Y.Gen.Mun. § 205–a (McKinney 1986 & Supp.1996). In order to state a claim under § 205–a, a firefighter must: 1) cite the statutes or ordinances which defendant has violated; 2) describe the manner in which he or she was injured; and 3) present facts which would tend to prove that the injury was directly or indirectly caused by defendant's negligence. *See Zanghi*, 85 N.Y.2d at 441, 626 N.Y.S.2d 23, 649 N.E.2d 1167. Furthermore, only a statute or ordinance that relates to the "maintenance and safety" of the premises will suffice to support a claim under § 205–a. *Kenavan*, 70 N.Y.2d at 567, 523 N.Y.S.2d 60, 517 N.E.2d 872. The scope of permissible statutes "may include, but is not limited to, violations of fire preventive regulations." *Id.; see also Zanghi*, 85 N.Y.2d at 443–44, 626 N.Y.S.2d 23, 649 N.E.2d 1167.[2]

#### B. Section 205–a as applied to the facts of this case.

In *St. Jacques v. City of New York*, 215 A.D.2d 75, 633 N.Y.S.2d 97 (1st Dep't 1995), *aff'd on other grounds*, 88 N.Y.2d 920, 646 N.Y.S.2d 787, 669 N.E.2d 1109, on which defendants rely, the First Department held that an injury "due to loss of footing" is a natural risk all police officers undertake in their profession. The court also ruled that police officers who were injured when they tripped on a cracked sidewalk could not base their § 205–e (a counterpart to § 205–a) claims against the city on the city's violation of statutes requiring sidewalk repair, because those violations did not add to the risks normally faced by police officers on duty. In other words, there was a risk of falling with or without the violations. *Id.* at 81–82, 633 N.Y.S.2d 97.

---

2. In *Mullen v. Zoebe*, 86 N.Y.2d 135, 141, 630 N.Y.S.2d 269, 654 N.E.2d 90 (1995), a case decided only three months after *Zanghi*, the Court of Appeals wrote that § 205–a was enacted to compensate firefighters for injuries "connected with violations of fire safety or prevention statutes...." This language appears to limit the applicability of § 205–a without expressly overruling or even mentioning the much more flexible standard enunciated in *Kenavan* and *Zanghi*. However, this apparent anomaly is easily explained. In *Mullen*, defendant conceded numer-

ous violations of fire prevention and safety provisions contained in Multiple Dwelling Law § 248 and the Administrative Code of the City of New York. The issue there was whether the defendant had a right to seek a reduction of liability based on comparative negligence when it had concededly violated fire prevention and safety regulations. The Court held that comparative fault should not apply in a § 205–a action. Thus, the description of the statutory violations in *Mullen* is a description or *dicta*, but *not* a holding.

■ Defendants contend that *St. Jacques* precludes recovery here because, as a firefighter, plaintiff already faced a risk of falling. However, as *Kenavan* and *Zanghi* make clear, § 205–a protects firefighters from premises "harboring violations of safety provisions that create hazards additional to those that firefighters already face in their profession." *Kenavan,* 70 N.Y.2d at 567, 523 N.Y.S.2d 60, 517 N.E.2d 872. The word "additional," as used in *Kenavan,* refers to "violations, [which] by their nature, *increase* the hazards that firefighters would *normally* face in buildings harboring no such violations." *Zanghi,* 85 N.Y.2d at 443, 626 N.Y.S.2d 23, 649 N.E.2d 1167 (emphasis added). It does not require that the violation create an entirely new risk; it is sufficient that the violation magnify an existing risk. As a firefighter, plaintiff naturally faced the risk of falling. Yet, defendants may be liable if their violations of certain statutes or codes increased that risk.

■ Plaintiff cites several statutes relating to the "maintenance and safety" of the premises. The first, § 27–2039 of the Administrative Code, which deals with "[l]ighting to be provided at night," is irrelevant to plaintiff's claim as his accident occurred at approximately 4 p.m. *See* Administrative Code of the City of New York § 27–2039 (1986); Martinez Dep. at 18, 41, 199. The second and third, §§ 78 of the MDL and 27–2005 of the Administrative Code, are general provisions requiring owners of multiple dwellings to keep their premises in "good repair." A violation of these provisions cannot form the basis of a claim under § 205–a because such violations do not increase the degree of risk to which a firefighter is normally exposed.

■ However, the remainder of the statutes specified in the complaint concern either the adequacy of lighting fixtures or the maintenance and repair of staircases, both of which directly bear on the "maintenance and safety" of the premises. Subsections (1) and (3) of § 37 of MDL require owners of multiple dwellings to provide continuously-burning lights for public halls and staircases that have no windows opening to the outside. Administrative Code § 27–2038 requires owners of multiple dwellings to provide electric lighting for every "public hall [and] stair." Section 21.19(e) of title 10 of the NYCRR provides that "every public hall and stairway in every multiple dwelling shall be adequately lighted by natural or electric light at all times so as to provide at least 10 foot-candles of light at tread level." Section 52 of the MDL states that "all interior … stairs shall be kept in good repair and free from any encumbrance." Finally, section 21.21(e) of title 10 of the NYCRR requires that "[e]very … inside … stair … shall be safe to use and capable of supporting the loads that normal use may cause to be placed thereon; and shall be kept in sound condition and good repair. Every inside … stair or step shall have uniform risers and treads and be provided with non-skid materials."

If a jury finds that defendants did, in fact, violate any of these statutes, and that the violations increased the likelihood of plaintiff being injured on the defendants' premises, then defendants will be liable to plaintiff. For example, defendants will be liable if the jury finds that adequate lighting fixtures were missing and that plaintiff fell because the absence of light concealed the defect in the staircase. Defendants will also be liable if the jury finds that the staircase was in disrepair in violation of a regulation, thereby increasing the likelihood that the staircase would crumble and plaintiff would be injured.

Because there are triable issues of material fact for the jury to consider relating to GML § 205–a, defendants' motion for summary judgment on the second claim is denied.

## CONCLUSION

Defendants' motion for summary judgment on the first claim based on common law negligence is granted. Defendants' motion for summary judgment on the second claim based on GML § 205–a is denied. Trial will proceed on November 25, 1996.

SO ORDERED.